**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,          :

          PLAINTIFF,     :

     vs.            :

MICHAEL D. VALENTINE,        :

          DEFENDANT.    :

CASE No. 2:23-CR-001

JUDGE MICHAEL H. WATSON

<u>**SENTENCING MEMORANDUM**</u>

Now comes Michael C. Valentine, by and through counsel, Larry W. Thomas, and requests a Concurrent term of Imprisonment to case number 2:22CR00052. Pursuant to the Plea agreement in this case, the Government will recommend a concurrent term of imprisonment if Michael Valentine if he receives Mandatory minimum term of incarceration in case no. 2:22CR00052. In case no. 2:22CR00052, Michael Valentine received a 120 months sentence.

Pursuant to the Guidelines, Mr. Valentine has a total offense level of 13 and is in a criminal history category II, with the guideline imprisonment range 15 to 21 months as determined by the United States Probation Department ("U.S. Probation Department"). There are no objections to the criminal history level calculation or to the underlying facts.

## I.    ANALYSIS OF THE SENTENCING FACTORS

In determining Mr. Valentine's sentence, this Court is respectfully directed to consider the factors of 18 U.S.C. § 3553(a) to determine if the sentence is minimally sufficient to satisfy 18

U.S.C. § 3553(a)(2)'s purposes of sentencing.  Below is a discussion of the relevant 18 U.S.C. § 3553(a) factors and why a departure from the Guidelines would be reasonable.

**A. 18 U.S.C. § 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant.**

*i. Nature and circumstances of the offense.*

The nature and circumstances of the offense are set forth in Section A, paragraphs 1-13 of the Presentence Investigation Report ("PSR").  The facts are undisputed and Mr. Valentine accepts full responsibility for his actions.

*ii. History and characteristics of the defendant.*

The history and characteristics of the defendant are set forth in Part C, paragraphs 44-62 of the PSR.  Mr. Valentine is a family man and great father.  He and his long-term partner are the parents of one child.  Mr. Valentine also has two kids from prior relationships. Prior to this offense, he operated a rental business. Despite the occurrence of this offense, which is very serious in nature, Mr. Valentine has been and is more than just a person who has committed a crime.   He is a life partner, father, reliable worker, and motivator to those around him.

**18 U.S.C. § 3553(a)(2): The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

**iii. 18 U.S.C. § 3553(a)(2)(A)**

If this Court were to impose a concurrent sentence as is recommended by the government, the seriousness of the offense will not be denigrated. The sentence must not only educate defendants as to the seriousness of the offense, but should make others in the community "aware that similar actions will be punished." *United States v. Coleman,* 370 F. Supp. 2d. 661,681 (S.D. Ohio 2005). This purpose would still be accomplished by giving Mr. Valentine an concurrent sentence.

### iv. 18 U.S.C. § 3553(a)(2)(B)

Mr. Valentine and others would be deterred from repeating the same and/or similar conduct. Mr. Valentin has already been deterred as reflected in his visible display of remorse recorded by U.S. Probation Department. Further, having to serve a long prison sentence in Case No. 2:22 CR 00052 and being away from his loved ones for lengthy periods of time, both serve as a deterrent to future criminal conduct.

### v. 18 U.S.C. § 3553(a)(2)(C)

Counsel is confident that the public would be protected from future crimes of Mr. Valentine. Mr. Valentine will be incarcerated for a very long time for the first time in his life (Mr. Valentine has never served time in prison). His plan is to take advantage of this time to learn more about himself, and how to make better decisions in the future. Moving forward, he sees the opportunity he has to change his life around for the better. Further, he looks forward to the opportunity to encourage the youth to not do the things he has done. Most importantly, the public would be protected because Mr. Valentine is looking to focus on his family life, rather than a life involving drugs.

### II.    CONCLUSION

Counsel for Mr. Valentine is presenting to the Court an individual who can be sufficiently rehabilitated by a concurrent sentence to the sentence of one hundred twenty months, for his first and only time being incarcerated.  His history and character warrant a concurrent sentence recommended by the Government.  Most importantly, the seriousness of the offense is not lost and the threat to the safety of the public is minimal.  A concurrent sentence is supported by the 18 U.S.C. § 3553(a) factors.  We respectfully request this Court to consider that the goal is a sentence that is sufficient, but not greater than necessary, to achieve sentencing purposes.  Counsel believes a concurrent sentence accomplishes such purposes.

Respectfully submitted,

/s/ Larry W. Thomas
Larry W. Thomas #0037851
98 Hamilton Park
Columbus, Ohio 43203
P: (614) 252-8788
lwidt1@gmail.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing answer was served upon all parties via Electronic Filing on this the 19th day of January, 2024.

Respectfully submitted,

/s/ Larry W. Thomas
Larry W. Thomas #0037851
98 Hamilton Park
Columbus, Ohio 43203
P: (614) 252-8788
lwidt1@gmail.com

*Counsel for Defendant*